IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LEON F. WILLIAMS, #240 028,            *

    Petitioner,            *

    v.            *            2:10-CV-886-TMH
                                  (WO)

CHERYL PRICE, WARDEN, *et al*.,            *

    Respondents.            *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Leon Williams on October 19, 2010.[1]  In this petition, as amended,[2] Petitioner challenges his  convictions for first degree kidnapping, first degree rape, and first degree sodomy entered against him by the Circuit Court for Montgomery County, Alabama, on February 2, 2006.  On February 24, 2006, the trial court sentenced Petitioner to forty-five (45) years' imprisonment in each case, to run concurrently. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on December 15, 2006 and denied his application

---

[1]Although the present petition was stamped "filed" in this court on October 21, 2010, the petition was signed by Petitioner on October 19, 2010.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Williams] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers October 19, 2010 as the date of filing.

[2]Petitioner filed an amendment to his petition on February 22, 2011.  (*Doc. No. 15.*)

for rehearing on January 5, 2007.  The Alabama Supreme Court denied certiorari review on February 9, 2007. The Court of Criminal Appeals issued a certificate of judgment the same day. (*Doc. No. 12, Exhs. A, B*.)  By operation of law, Petitioner's convictions became final on May 10, 2007.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[3]  Respondents contend that because Petitioner's convictions became final in 2007- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents concede that Petitioner filed a state post-conviction petition on May 29, 2007.  They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner filing the present federal habeas petition.  (*Doc. No. 12, pgs. 3-5*); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333- 1335. n.4 (11th Cir. 2001).

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 13*.)  The order also gave Petitioner an

---

[3]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

opportunity to show cause why his petition should not be barred from review by this court. (*Id.*)  Petitioner filed his response on December 28, 2010.  (*Doc. No. 14.*)  Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## I.  DISCUSSION

*A.  Statute of Limitations*

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Petitioner was convicted of first degree kidnapping, first degree rape, and first degree sodomy in the Circuit Court for Montgomery County, Alabama, on February 2, 2006.   Petitioner filed a direct appeal.  The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on December 15, 2006.  (*Doc. No. 12, Exh. A.*) The Alabama Court of Criminal Appeals denied Petitioner's application for rehearing on January 5, 2007. *Williams v. State*, 4 So.3d 585 (Ala. Cr. App. 2007) (Table).  The Alabama Supreme Court denied Petitioner's  petition for writ of certiorari on February 9, 2007.  *Ex parte Williams*, 3 So.3d 963 (Ala. 2007) (Table).  The Alabama Court of Criminal Appeals issued a certificate of judgment on February 9, 2007. (*Doc. No. 12, Exh. B.*)  By operation of law, Petitioner's 2006 convictions  became final on May 10, 2007 -- ninety days after the Alabama Court of Criminal Appeals entered its certificate of judgment -- as this is the date on which the time expired for Petitioner to file a petition for writ of certiorari with the United

States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).   Thus, Petitioner's convictions became final on May 10, 2007 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

   *i.  Statutory Tolling*

   28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 18 days after Petitioner's convictions became final until Petitioner filed a Rule 32 petition with the trial court on May 29, 2007.[4] On August 22, 2008 the Alabama Court of Criminal Appeals affirmed the lower court's judgment denying Petitioner's post-conviction petition in its entirety. The Alabama Court of Criminal Appeals issued a certificate of judgment on September 10, 2008. (*Doc. No.*

---

   [4]Although the appellate court's opinion indicates that Petitioner filed his post-conviction petition on June 9, 2007, the court understands Respondents' reference to May 29, 2007 (which is the date the court  utilizes for purposes of the instant decision), as the date Petitioner actually signed his petition.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988).  Nonetheless, calculation of the limitation period utilizing either date does not change the court's analysis regarding the timeliness of the instant petition.

*12, Exhs. C, D.*)  Thus, as of the aforementioned date, Petitioner had 347 days of the applicable limitation period remaining within which to file a federal habeas petition.  The court, therefore, concludes that the time allowed Petitioner for the filing of a federal habeas petition expired on August 24, 2009.  Petitioner filed his federal habeas application on October 19, 2010, - 421 days or one year, one month, and 25 days after the limitation period had expired.

### ii. Equitable Tolling

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.* at 1286.

The court has reviewed Petitioner's response to the court's order that he show cause why his petition should not be denied and dismissed as barred by the one-year limitation period.  In his response, Petitioner argues that the limitation period should be equitably tolled because challenges to the legality of a sentence and the validity of an indictment are

jurisdictional matters, and jurisdictional issues, Petitioner claims, are not subject to a limitation period, but rather, may be raised at any time. (*Doc. No. 14*.)

As noted above, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. *Sandvik* 177 F.3d at 1271; *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000). The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. *Drew,* 297 F.3d at 1286. Petitioner's contention that the claims he presents for review implicate the legality of his sentence and are, therefore, jurisdictional in nature and, thus, not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A) is unavailing. Neither 28 U.S.C. § 2244(d) nor federal case law makes such an exception for jurisdictional issues arising under state law.

Based on the foregoing analysis, the court concludes that Petitioner has failed to assert any credible basis for either equitable or statutory tolling of the limitation period until he filed this cause of action. The reason set forth by Petitioner for his untimeliness is insufficient to establish the extraordinary circumstances required to toll the limitation period. The factual predicate of the claim was available to Petitioner at the time of his convictions and sentence. Further, the claims presented in this petition are not based on a newly recognized constitutional right.

In this case, Petitioner provides no explanation as to why he failed to timely file his petition for habeas relief nor has he alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy

burden of showing that he exercised reasonable diligence in prosecuting his claim and in bringing forth his habeas petition. There is no evidence in the record tending to show that Petitioner's delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were beyond his control and unavoidable with the exercise of diligence. Petitioner presents nothing which demonstrates that he acted diligently in pursuing his federal claims.  Thus, this court "cannot say that [Petitioner] has acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court. This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence."  *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted).   Consequently, Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271.

## II.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Leon Williams be DENIED and  DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **July 25, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or

general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of July, 2011.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE