IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEON F. WILLIAMS, #240 028, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:10-CV-886-TMH |
| | ) | [WO] |
| WILLIE THOMAS, WARDEN,[1] *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 11, 2011 the undersigned entered a Recommendation that Petitioner's application for habeas corpus relief be denied and dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). (*Doc. No. 17.*) Shortly thereafter, Petitioner filed a request for leave to file a motion for voluntary dismissal of his petition without prejudice. In support of his motion, Petitioner claimed that he was actually innocent of the crimes for which he was convicted and wished to present evidence of such in another habeas application he sought to file in the near future. (*See Doc. No. 18.*) After reviewing Petitioner's motion as well as the documents and records filed in this matter, the court determined that Petitioner's request for leave to dismiss this action without prejudice should be denied but granted him an opportunity to file an amendment to his petition to present his claim of actual innocence for the court' consideration. Petitioner filed his amended petition on September 8, 2011. (*Doc.*

---

[1]Since the filing of this petition, Willie Thomas has become Warden of the Bibb Correctional Facility where Petitioner is currently incarcerated. Warden Thomas is, therefore, properly named as a Respondent to this cause of action. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

*No. 22*.)

As directed, Respondents filed an answer to Petitioner's claim of actual innocence presented in his amended petition. (*Doc. No. 26*.)   Petitioner filed a response to Respondents' answer. (*Doc. No. 27*.) The court has carefully reviewed Petitioner's amended petition, Respondents' answer, and Petitioner's reply thereto. From that review, the undersigned finds no basis on which to withdraw the findings made in the July 11, 2011 Recommendation as the court concludes that Petitioner has failed to establish his claim of actual innocence for the reasons explained below, and he is, therefore, not entitled to equitable tolling of § 2244(d)(1)'s limitation period.

## I. DISCUSSION

*A. Actual Innocence - Independent Claim*

Petitioner argues that he is entitled to federal habeas relief because he is innocent of his convictions for first degree kidnapping, first degree rape, and first degree sodomy entered against him by the Circuit Court for Montgomery County, Alabama, on February 2, 2006. The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400 (1993). It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence [presented at trial or evidence] that has emerged since the trial. 'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution

2

- not to correct errors of fact.' *Id.*" *Brownlee v. Haley,* 306 F.3d 1043, 1065 (11th Cir. 2002).

B.  *Actual Innocence - Gateway to Excuse Time Bar*

"To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998).  "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id.* at 537.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id*. 513 U.S. at 324.

Petitioner has not met the stringent requirements for granting equitable tolling based on a claim of actual innocence. While Petitioner attempts to cast doubt on the fairness of his

state criminal trial proceedings by challenging: 1) the performance of his trial counsel (whom Petitioner claims was neither appointed by the trial court nor retained by him); 2) his absence at arraignment; 3) the denial of his right to testify at trial; 4) the failure to call witnesses who would have testified favorably on his behalf; and 5) the sufficiency of the evidence used to convict him (*Doc. Nos. 22, 27*), it is clear that these arguments do not constitute "new reliable evidence" of his actual innocence which were previously undiscoverable through the exercise of due diligence nor has Petitioner demonstrated that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. Petitioner's arguments, at most, constitute claims of legal insufficiency rather than factual innocence. *See Bousley*, 523 U.S. at 622. Accordingly, the court concludes that Petitioner is not entitled to equitable tolling based on his non-meritorious claim of actual innocence and the instant petition for writ of habeas corpus is due to be denied as time barred under 28 U.S.C. § 2244(d)(1)(A) for the reasons set forth in the court's July 11, 2011 Recommendation of the Magistrate Judge.

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Petitioner's actual innocence claim presented in his amended petition for habeas corpus relief (*Doc. No. 22*) be DENIED and DISMISSED with prejudice as insufficient to equitably toll the time bar applicable to Petitioner's habeas application; and

2. The July 11, 2011 Recommendation of the Magistrate Judge (*Doc. No. 17*) be ADOPTED.

4

It is ORDERED that Petitioner's motion for discovery (*Doc. No. 28*) be DENIED.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **December 15, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of December, 2011.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

5